```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

VERONICA A. SMYTHE, by and       )
through her Next Friend,         )
MARGARET A. BEQUETTE,            )
                                 )
            Plaintiff,           )
                                 )
        vs.                      )   No. 4:07-CV-886 (CEJ)
                                 )
COMMERCE BANCSHARES, INC.,       )
d/b/a COMMERCE BANK              )
                                 )
            Defendant.           )

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of Margaret A. Bequette for appointment as next friend for plaintiff, pursuant to Rule 17(c) of the Federal Rules of Civil Procedure. Ms. Bequette is the adult daughter of plaintiff. In her affidavit, Ms. Bequette states that since November 26, 2006, plaintiff has exhibited symptoms of confusion, depression, diminished memory and dementia. Ms. Bequette states that she holds a Durable Power of Attorney executed by plaintiff.

Rule 17(c) allows an appointed representative, such as a guardian or conservator, to bring an action on behalf of an incompetent person. The rule further provides that "[an] incompetent person who does not have a duly appointed representative may sue by a next friend". "[I]ndividuals are incompetent for Rule 17 purposes if they lack the capacity to litigate under the law of their domicile." Magallon v. Livingston, 453 F.3d 268, 271 (5th Cir. 2006).

In the instant case, Ms. Bequette has provided no medical documentation supporting her description of plaintiff's mental

status.  Moreover, there is no information as to whether plaintiff, in light of the symptoms described by Ms. Bequette, is incompetent to litigate under Missouri law.

A power of attorney, absent proof of incompetency, cannot qualify a person to bring suit as a next friend.  See Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978)(finding, in a habeas case, that "powers of attorney...cannot alone transform [the attorney in fact] into a next friend").  Incompetency cannot be presumed from the plaintiff's designation of Ms. Bequette as her attorney-in-fact. Even if a power of attorney alone were sufficient, it cannot be determined whether Ms. Bequette's appointment as next friend would be within the scope of the authorization given under the power of attorney, as no documentation has been submitted to the Court.

Because Ms. Bequette has not submitted information sufficient to allow the Court to determine whether the requirements of Rule 17(c) have been met, her application must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the application [#2] to appoint Margaret A. Bequette as next friend for plaintiff is **denied without prejudice**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2007.