UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VERONICA SMYTHE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:07-CV-886 (CEJ) |
| | ) |
| COMMERCE BANCSHARES, INC., | ) |
| d/b/a COMMERCE BANK | ) |
| | ) |
| Defendant. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss this action for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Plaintiff opposes the motion and the issues have been fully briefed.

Defendant argues that the complaint fails to establish that the Court has subject matter jurisdiction over plaintiff's claims. In the complaint, plaintiff alleges that she is a resident of St. Louis County, Missouri, and that the defendant is a financial institution that "operate[s] in several states." Plaintiff also alleges in the complaint that the defendant is controlled by federal agencies, laws and regulations. Plaintiff further alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs.

The Court finds that the allegations of the complaint are insufficient to establish jurisdiction based on diversity of citizenship. Plaintiff alleges only that she is a "resident" of Missouri. However, for purposes of diversity jurisdiction, it is

the citizenship and not the residence of the parties which is important. See Texaco-Cities Service Pipe Line Co. v. Aetna Cas. & Sur. Co., 283 F.2d 144, 145 (8th Cir. 1960). Further, a corporation is deemed to be a citizen of the state in which it is incorporated or the state in which it has its principal place of business. 28 U.S.C. § 1332(c). "[T]o establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business." Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987)(internal citations omitted). Neither the defendant's state of incorporation nor its principal place of business is alleged in the instant complaint. The allegation that defendant operates in many states and is controlled by federal law is inadequate to establish the defendant's citizenship in a state other than the plaintiff's. Without sufficient allegations of the plaintiff's and the defendant's states of citizenship, there is no showing that diversity jurisdiction exists. See 28 U.S.C. § 1332(a).

The Court further finds no allegations sufficient to establish federal question jurisdiction. The plaintiff asserts a claim of negligence. She does not contend that her claim is one that arises under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331.

The Court concludes that it lacks subject matter jurisdiction and, therefore, the complaint must be dismissed. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion [#3] to dismiss for lack of subject matter jurisdiction is **granted**.

A separate order of dismissal will accompany this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of July, 2007.